UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY PATTEN, and ) | | |
| JIMMY PATTEN, ) | | |
| ) | | |
| Plaintiffs, ) | No. | FILED: JUNE 3, 2008 |
| ) | | 08CV3198          TG |
| vs. ) | Judge | JUDGE COAR |
| ) | Magistrate Judge | MAGISTRATE JUDGE KEYS |
| CITY OF CHICAGO, and ) | | |
| Unknown Chicago Police Officers ) | | |
| John Does and Jane Roes 1-10, ) | Jury Demand | |
| ) | | |
| Defendants. ) | | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are residents of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about April 30, 2008, at approximately 1:30 p.m., Plaintiff JIMMY PATTEN was standing in front of his home located at 3852 West Maypole, Chicago, waiting to take his wife, Plaintiff BEVERLY PATTEN, to work.

9. While JIMMY waited, he saw several Chicago police officers and police cars on his block.

10. Plaintiffs' son, Christopher, was also outside Plaintiffs' home.

11. Two marked Chicago police cars stopped in front of Plaintiffs' home.

12. An unknown uniformed Chicago police officer, a Defendant herein, exited one of the police cars and ordered Christopher to "get the fuck off the porch."

13. JIMMY asked the Defendant-Officer why he was talking to his son that way.

14. The Defendant-Officer ordered JIMMY to go over to him.

15. JIMMY complied and walked to where the Defendant-Officer was standing.

16. The Defendant-Officer grabbed JIMMY by the arm and with two other officers, Defendants herein, slammed JIMMY to the ground.

17. The three Defendant-Officers then kicked and kneed JIMMY.

18. JIMMY was handcuffed.

19. JIMMY was not free to leave.

20. JIMMY had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that JIMMY had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop and detain JIMMY.

21. At this time, BEVERLY came outside and observed the Defendant-Officers beating JIMMY.

22. BEVERLY went to where the Defendant-Officers had JIMMY and asked the officers why they were kicking him.

23. An unknown female officer wearing plainclothes, a Defendant herein, grabbed BEVERLY from behind and began to choke her.

24. A second unknown officer grabbed BEVERLY's arms and twisted them behind her back.

25. The female Defendant-Officer then handcuffed BEVERLY.

26. BEVERLY had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that BEVERLY had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop and detain BEVERLY.

27. The female Defendant-Officer intentionally put the handcuffs on BEVERLY excessively tight which caused BEVERLY extreme pain and emotional distress.

28. BEVERLY asked the female Defendant-Officer to loosen the handcuffs.

29. The female Defendant-Officer tightened the handcuffs on BEVERLY.

30. BEVERLY was placed into a marked police car.

31. BEVERLY had trouble breathing in the car and asked to have the windows rolled down.

32. An unknown male officer wearing plainclothes and a Cubs hat, a Defendant herein, opened the car door and removed BEVERLY.

33. BEVERLY told the Defendant-Officer wearing the Cubs hat that this was not right and she wanted to speak to an attorney.

34. The Defendant-Officer wearing the Cubs hat told BEVERLY to get "her ass" back into the car.

35. BEVERLY told the officer she did not want to get back in because it was hot and she could not breathe.

36. The Defendant-Officer wearing the Cubs hat grabbed BEVERLY by the handcuffs and slammed her on the trunk of the police car and then forcefully pushed BEVERLY into the rear seat of the police car.

37. An unknown uniformed officer went to the other side of the police car and pulled BEVERLY across the rear seat by the handcuffs.

38. A sergeant on the scene wearing plainclothes with a mustache, a Defendant herein, watched as the Defendant-Officers beat BEVERLY and did nothing to stop it.

39. BEVERLY and JIMMY were eventually released from their handcuffs.

40. BEVERLY and JIMMY were not criminally charged.

41. BEVERLY was taken by ambulance to Lorreto Hospital and treated for the injuries to her wrists caused by the above described beating.

42.  While at Lorreto, Chicago Police Sergeant Byron Uding visited BEVERLY and apologized for the Defendant-Officers' actions.

43.  Alderman Ed Smith came to Plaintiffs' home and wrote a letter to Plaintiff's employer stating that Beverly was "wrongfully attacked" by the Chicago Police.

44.  Since the incident, BEVERLY has been unable to return to work.

45.  Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

46.  As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

47.  Plaintiffs realleges paragraphs 1 through 46 as if fully set forth herein.

48.  Defendant-Officers stopped and seized Plaintiffs JIMMY PATTEN and BEVERLY PATTEN.

49.  Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiffs were about to commit a crime or had committed a crime.

50.  The seizure of Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)  Enter judgment against Defendant-Officers,
b)  Award Plaintiffs compensatory and punitive damages,
c)  Award attorneys' fees and costs, and
d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

51.  Plaintiff JIMMY PATTEN realleges paragraphs 1 through 46 as if fully set forth herein.

4

52. Defendant-Officers violated Plaintiff JIMMY PATTEN's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff JIMMY PATTEN asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

53. Plaintiff BEVERLY PATTEN realleges paragraphs 1 through 46 as if fully set forth herein.

54. Defendant-Officers violated Plaintiff BEVERLY PATTEN 's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff BEVERLY PATTEN  asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff BEVERLY PATTEN  compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

55. Plaintiffs realleges paragraphs 1 through 46 as if fully set forth herein.

56. While Plaintiffs were subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

57. Defendant-Officers were deliberately indifferent to Plaintiffs' right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)   Enter judgment against Defendant-Officers,

b)   Award Plaintiffs compensatory and punitive damages,

c)   Award attorneys' fees and costs, and

d)   Award any further relief that this Honorable Court deems just and equitable.


### COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

58.   Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

59.   At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

a.   stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

b.   arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

c.   mental abuse, oral abuse and assault of arrestees, detainees, and other civilians,

d.   a *code of silence* in which police officers fail to report police misconduct,

e.   said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers,

f.   failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

g.   failure to adequately investigate citizen complaints against police officers,

h.   failure to adequately discipline police officers for misconduct,

i.   through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct,

60. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CITY OF CHICAGO,

b) Award Plaintiffs compensatory damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

61. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

62. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595